UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL E. KOHN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:15-CV-01263-AGF |
| LEONARD KOMEN, et al., | ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on the motion (Doc. No. 41) of Defendants Leonard Komen and Law Offices of Leonard Komen, P.C. ("Komen Defendants") to waive attorney-client privilege with respect to communications with their client, Defendant Gaol Holdings, LLC ("Gaol"). The motion seeks waiver based on an alleged self-defense exception to the attorney-client privilege. The Komen Defendants argue that they are in possession of information and documents furnished by their client, Gaol, that would allow them to establish a legal defense to the federal Fair Debt Collection Practices Act and various state law claims that Plaintiffs have asserted against them and Gaol in this case. Plaintiffs' claims against the Komen Defendants arise from actions they allegedly took in representing Gaol in state court proceedings to collect a judgment against Plaintiffs. Although Gaol currently has no counsel and has failed to defend itself in this case, the Komen Defendants served their motion to waive attorney-client privilege on Gaol, and the Court gave Gaol until June 23, 2016 to respond, by its representative, to the motion. Gaol has not responded to the motion, and the time to do so has passed.

Federal courts have recognized a self-defense exception to the attorney-client privilege in cases involving federal claims and pendent state law claims. Although the exception usually arises in the context of disputes between the attorney and the client, it has also been applied in suits by third parties alleging that an attorney engaged in misconduct in representing a client. *See First Fed. Sav. & Loan Ass'n of Pittsburgh v. Oppenheim, Appel, Dixon & Co.*, 110 F.R.D. 557, 565-66 (S.D.N.Y. 1986). Additionally, Missouri Rule of Professional Conduct 4-1.6(b) provides that "[a] lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary . . . to establish a defense to a . . . civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client." Mo. Rules of Prof'l Conduct r. 4-1.6(b); *see also id.* cmt. 8 ("Where a legal claim . . . alleges complicity of the lawyer in a client's conduct or other misconduct of the lawyer involving representation of the client, the lawyer may respond to the extent the lawyer reasonably believes necessary to establish a defense. The same is true with respect to a claim involving the conduct or representation of a former client.").

Under the circumstances in this case, in which the Komen Defendants assert that the information they seek to produce is necessary to their legal defense and in which Gaol has been given an opportunity to retain counsel and/or to respond to the motion and has chosen to do neither, the Court believes that the Komen Defendants' motion should be granted. However, the Court will grant the motion only to the extent the information is reasonably necessary to establish the Komen Defendants' defense to Plaintiffs' claims. Further, given the sensitive nature of the information, the Court will order that the information be produced subject to a protective order to be agreed upon by the parties.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendants Leonard Komen and Law Offices of Leonard Komen, P.C. for leave to waive attorney-client privilege is **GRANTED in part**, to the extent reasonably necessary for these Defendants to establish a defense to Plaintiffs' claims, and subject to a stipulated protective order to be agreed upon by the parties. (Doc. No. 41.)

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve a copy of this Order on Defendant Gaol Holdings, LLC, at the address listed in the file (Doc. No. 31).

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of July, 2016.